UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. NOREEN GIBBENS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:16-cv-00723 |
| | )   CHIEF JUDGE CRENSHAW |
| OPTUMRX, INC. d/b/a HI | ) |
| HEALTHINNOVATIONS, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court are conflicting requests: (1) Plaintiff's Motion to Vacate the Arbitration Award (Doc. No. 23); and (2) Defendant's Opposition to Motion to Vacate And Motion to Confirm Arbitrator's Award (Doc. No. 25). For the reasons that follow, Defendant's motion will be granted.

### I. Background

On April 8, 2016, Dr. Noreen Gibbens filed a complaint, alleging: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and (2) violation of the Consumer Product Safety Improvement Act ("CSPIA"), 15 U.S.C. § 2087(b)(1). (Doc. No. 1.) In short, Dr. Gibbens believes that was constructively discharged as a result of certain internal complaints she raised regarding OptumRx, Inc.'s ("OptumRx") continued marketing and use of its "Online Hearing Test and the Primary Test Kit (PCP Kit)" products. (Id. at 2-5.) In response, OptumRx filed a Motion to Dismiss or, in the Alternative, Motion to Stay and Compel Arbitration, arguing that, pursuant to a valid and binding arbitration agreement ("Arbitration Agreement"), both parties had agreed to arbitrate the employment claims that were the subject of the lawsuit. (Doc. No. 10.) OptumRx attached a copy of the Arbitration Agreement, affirmatively showing that

it and Dr. Gibbens had each executed the Arbitration Agreement and agreed to resolve employment disputes through arbitration. (Doc. No. 11-1 at 4.)

Thereafter, Dr. Gibbens filed a Motion to Stay Proceedings Pending Arbitration. (Doc. No. 20.) She acknowledged that her employment claims were governed by the Arbitration Agreement and stated that she had no opposition to OptumRx's Motion to Stay and Compel Arbitration. (Id.) Accordingly, on June 13, 2016, the Court stayed the proceedings, pending the outcome of the parties' arbitration process. (Doc. No. 21.)

Over a year later, on July 19, 2017, Dr. Gibbens filed an arbitration demand ("Demand"), in which she asserted claims for (1) retaliation under the Tennessee Public Protection Act ("TPPA"); and (2) retaliation in violation of the CPSIA. (Doc. No. 24-1 at 3.) The factual allegations for her arbitration claims were identical to those that were included in her complaint in this Court. (Id.) OptumRx then filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).[1] (Doc. No. 25-3.) OptumRx argued that: (1) Dr. Gibbens's TPPA claim was untimely because she failed to file it within one year of her constructive discharge; and (2) Dr. Gibbens's CPSIA claim must be dismissed because she failed to exhaust her administrative remedies by submitting the claim to the Secretary of Labor prior to asserting it in federal court and her Demand. (Id. at 3-5.)

On December 8, 2017, the arbitrator ("Arbitrator") entered an order granting OptumRx's Motion to Dismiss and dismissing Dr. Gibbens's claims with prejudice. (Doc. No. 24-1.) At the outset, the Arbitrator noted that a retaliatory discharge claim under the TPPA was governed by a one-year statute of limitations that began accruing when Dr. Gibbens knew or should have known

---

[1] The parties' arbitration agreement specified that the Federal Rules of Civil Procedure applied to the arbitration proceedings. (Doc. No. 11-1 at 6.)

that an injury had been sustained. (Id. at 5.) The Arbitrator recounted that: (1) according to her Demand, Dr. Gibbens's separation from OptumRx occurred in February 2016; (2) any possible TPPA retaliation claim was based on that separation; and, thus, (3) Dr. Gibbens had until February 2017 to timely assert her TPPA claim. (Id.) The Arbitrator noted that, although Dr. Gibbens first filed a complaint with the Court, rather than proceeding to arbitration, she did not include her TPPA claim in the complaint. (Id.) Moreover, even after the Court ordered Dr. Gibbens to submit her claims to binding arbitration, she waited over one year to file her Demand. (Id.) Accordingly, the Arbitrator found that Dr. Gibbens's TPPA claim was untimely. (Id.)

Further, although Dr. Gibbens argued her TPPA claim related back, pursuant to Federal Rule Civil Procedure 15(c), to the filing of her complaint in this Court, the Arbitrator found that no authority squarely addressed the issue of whether Rule 15(c) applied. Ultimately, the Arbitrator determined that, even if Dr. Gibbens had filed her TPPA claim in her original federal lawsuit, and even if that lawsuit had equitably tolled the statute of limitations for her TPPA claim, the statute of limitations would have recommenced and continued to run after the Court ordered the claims to proceed to arbitration. (Id. at 7.) Accordingly, because Dr. Gibbens waited over a year to file her Demand, the statute of limitations still barred her TPPA claim. (Id. at 7-8.)

Regarding Dr. Gibbens's CPSIA claim, the Arbitrator determined that the statute required her to exhaust her administrative remedies by filing a complaint with the Secretary of Labor. (Id. at 9-10.) The Arbitrator acknowledged that at least one district court had found that the CPSIA did not require a claimant to exhaust her administrative remedies by filing a complaint with the Secretary of Labor. (Id. at 9.) Nonetheless, the Arbitrator concluded that the majority of federal courts addressing the issue held that exhaustion of administrative remedies was mandatory before bringing a CPSIA claim. (Id. at 10.) Moreover, failure to exhaust this administrative remedy was

grounds for dismissal for failure to state a claim under Rule 12(b)(6). (Id.) Because Dr. Gibbens had not shown any evidence indicating that she filed her complaint with the Secretary of Labor, the Arbitrator determined that she failed to exhaust her administrative remedies under the CPSIA and concluded dismissal of the CPSIA claim was warranted. (Id. at 11-12.)

Dr. Gibbens seeks to vacate the Arbitrator's decision on the ground that he manifestly disregarded the law in various respects. (See Doc. No. 24.) OptumRx requests confirmation of the Arbitrator's decision. (Doc. No. 25.)

## II. Standard of Review

"The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." Nationwide Mut. Ins. Co. v. Home Ins. Co., 429 F.3d 640, 643 (6th Cir. 2005). Towards that end, "[w]hen courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." Samaan v. Gen. Dynamics Land Sys., Inc., 835 F.3d 593, 600 (6th Cir. 2016).

The FAA itself provides four grounds for vacating an award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Some circuits have recognized "manifest disregard of the law" as a further ground for vacatur of an arbitration award, either as a collective shorthand for the enumerated grounds, or as an independent factor. See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003) (holding that arbitrators "exceed their powers" under § 10(a)(4) when they exhibit a manifest disregard of law); see also McCarthy v. Citigroup Glob. Markets Inc., 463 F.3d 87, 91 (1st Cir. 2006) (holding that "manifest disregard of the law" is a limited power to review arbitration awards outside § 10). In Hall St. Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576, 585 (2008), however, the Supreme Court cautioned against treating this "supposed addition . . . as the camel's nose" for further expansion. Since Hall Street, the Sixth Circuit has stated in *dicta* that "[w]hether 'manifest disregard of the law' may still supply a basis for vacating an arbitrator's award as 'a judicially created supplement to the enumerated forms of FAA relief . . . is an open question.'" Samaan, 835 F.3d at 600. Nevertheless some panels have "held that despite the Supreme Court's language in Hall Street, the 'manifest disregard' doctrine remains a viable ground for attacking an arbitrator's decision." Marshall v. SSC Nashville Operating Co., LLC, 686 F. App'x 348, 352 (6th Cir. 2017).

In Coffee Beanery, Ltd. v. WW, L.L.C., 300 F. App'x 415, 418-19 (6th Cir. 2008), for example, the Sixth Circuit considered "manifest disregard," observing that Hall Street addressed efforts by "private parties to supplement by contract the FAA's statutory grounds for vacatur," and that, while "the Supreme Court significantly reduced the ability of federal courts to vacate arbitration awards for reasons other than those specified in 9 U.S.C. § 10, . . . it did not foreclose federal courts' review for an arbitrator's manifest disregard of the law." Likewise, in Grain v. Trinity Health, Mercy Health Servs. Inc., 551 F.3d 374, 380 (6th Cir. 2008), the Sixth Circuit considered "manifest necessity" as a factor, noting that, while the Supreme Court's "reference to

5

the 'exclusive' statutory grounds for obtaining relief casts some doubt on the continuing vitality of [this] theory" as an additional factor, the "Supreme Court suggested manifest disregard" could still be used as a "shorthand" for the enumerated factors.

### III. Analysis

In light of the uncertain legal landscape, the Court considers whether the Arbitrator manifestly disregarded the law in granting OptumRx's Motion to Dismiss, which is the only basis for vacatur advanced by Dr. Gibbens. Specifically, Dr. Gibbens contends that the Arbitrator manifestly disregarded the law because he (1) dismissed her CPSIA retaliation claim for failure to exhaust her administrative remedies; (2) declined to find that her TPPA claim was timely under the relation back doctrine of Rule 15(c); and (3) failed to apply equitable tolling to her TPPA claim due to her former counsel's suspension from the practice of law. (See Doc. No. 24.)

Vacating an award for manifest injustice is proper only "in the rare situation in which the arbitrators' 'dispense [their] own brand of industrial justice[.]'" Physicians Ins. Capital v. Praesidium All. Grp., 562 F. App'x 421, 423 (6th Cir. 2014) (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). "To constitute a manifest disregard for the law, '[a] mere error in interpretation or application of the law is insufficient . . . [r]ather, the decision must fly in the face of clearly established legal precedent.'" Coffee Beanery, Ltd., 300 F. App'x at 418 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros, 70 F.3d 418, 421 (6th Cir. 1995)). "Thus, an arbitrator acts with manifest disregard if '(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.'" Id. "It is only when 'no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.'" Physicians Ins. Capital, 592

6

F. App. at 423 (quoting <u>Merrill Lynch</u>, 70 F.3d at 421). In this case, Dr. Gibbens has not come close to establishing that the Arbitrator acted in manifest disregard of the law.

## A. Dismissal of CPSIA Claim

Dr. Gibbens first claims that the Arbitrator manifestly disregarded the law in concluding that she was required to exhaust her administrative remedies by filing her CPSIA claim with the Secretary of Labor. (Doc. No. 24 at 4.) She argues that § 2087(b)(1) provides only that a claimant "may, not later than 180 days after the date on which the violation occurs, file (or have any person file on his or her behalf) a complaint with the Secretary of Labor . . ." (<u>Id.</u>) She contends that the use of the word "may" in the relevant statute makes the filing of the complaint with the Secretary of Labor permissive, rather than mandatory. (<u>Id.</u> at 4-5.) Dr. Gibbens asserts that the Arbitrator correctly cited in <u>Parker v. 4247 Fx, Inc.</u>, No. 16-2710, 2017 U.S. Dist. LEXIS 72582, at *25 n.8 (E.D. Pa. May 12, 2017) on this issue, but ignored its holding. (<u>Id.</u> at 5.)

In his decision, the Arbitrator first examined the actual text of the CPSIA, 15 U.S.C. § 2087(b). (<u>See</u> Doc. No. 24-1 at 8.) He then laid out the parties' arguments, specifically noting Dr. Gibbens's argument that "the language of the statute is permissive rather than mandatory because it states that a person 'may' file a complaint with the Secretary of Labor." (<u>Id.</u> at 9.) After examining <u>Parker</u> and finding that the decision provided only a cursory analysis of the issue, the Arbitrator pointed out that:

> Nevertheless, the majority of courts addressing the issue of whether § 2807(b) require exhaustion of administrative procedures prior to filing a lawsuit have held that it is mandatory. In <u>Wilson v. E.l Du Pont de Nemours & Co.</u>, No. 15-967-LPS, 2017 U.S. Dist. LEXIS 35100, at *7 (D. Del. Mar. 13, 2017), the District of Delaware held that under the CPSIA, a "[p]laintiff may commence an action in federal court only after filing a complaint with the Secretary of Labor and if 'the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination' . . . [f]ailure to exhaust administrative remedies is a ground to dismiss a case for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Id.</u> (citing <u>Devine v. St. Luke's Hosp.</u>, 406

> F. App'x 654, 656 (3d Cir. Jan 10, 2011)). See also Opela v. Wausau Window & Wall, No. 17-CV-124-WMC, 2017 U.S. Dist. LEXIS 141142, at *10-11 (W.D. Wis. Aug. 31, 2017) ("A plaintiff bringing a whistleblowing claim under the CPSIA . . . must initially file a complaint with OSHA."); Jallali v. USA Funds, No. 11-62510- CIV, 2012 U.S. Dist. LEXIS 113578, at *16-17 (S.D. Fla. Aug. 10, 2012) (dismissing FLSA Section 218c retaliation claim for failure to exhaust administrative remedies under 15 U.S.C. § 2087(b)(l ) because "[a] plaintiff only obtains the right to commence an action for de novo review in federal court if 'the Secretary has not issued a final decision within 210 days after the filing of the complaint , or within 90 days after receiving a written determination .'"); Richter v. Design at Work, LLC, No. 14-CV-650 (RRM) (LB), 2014 U.S. Dist. LEXIS 91154, at *9 (E.D.N.Y. July 3, 2014) (holding in FLSA section 218c retaliation case that 15 U.S.C. § 2087(b) "requires a plaintiff to exhaust administrative remedies before filing a civil action in court.").

(Id. at 10-11.) Finally, the Arbitrator found that the mandatory requirement that a claimant exhaust her administrative remedies was also supported by the relevant federal regulations. (Id. at 11-12.)

Contrary to Dr. Gibbens's position, the Arbitrator did not manifestly disregard the law when he dismissed her CPSIA claim for failure to exhaust administrative remedies. Rather, in coming to his decision that exhaustion was required and failure to exhaust was grounds for dismissal, the Arbitrator considered (1) the text of § 2087(b); (2) relevant precedent on the issue; and (3) the federal regulations. After making this determination, the Arbitrator found that Dr. Gibbens did not set forth any evidence showing that she exhausted her administrative remedies for her CPSIA claim, and, therefore, he granted OptumRx's Motion to Dismiss on that issue. The Arbitrator's decision clearly shows that he surveyed and applied the relevant legal principles to come to a reasonable conclusion. Accordingly, Dr. Gibbens has not demonstrated that the Arbitrator's dismissal of her CPSIA for failure to exhaust her administrative remedies was in manifest disregard of the law.

### B. TPPA Claim and Relation Back

Dr. Gibbens next argues that the Arbitrator manifestly disregarded the law in finding that her TPPA claim was untimely and did not relate back to her initial complaint. (Doc. No. 24 at 6-

7.) In her motion, Dr. Gibbens, as she did before the Arbitrator, cites to Rule 15(c), Boddy v. Dean, 821 F.2d 346 (6th Cir. 1987), and Sessions v. Rusk State Hospital, 648 F.2d 1066 (5th Cir. 1981), all of which she claims support her argument that her TPPA claim related back to her original complaint. (Id. at 7.) She contends that the transfer of her complaint to arbitration was "simply a continuation of her claim filed in federal court but in a different venue." (Id. at 8.)

As noted, the Arbitrator first explained that: (1) the Arbitration Agreement required Dr. Gibbens to file her claims within the applicable statute of limitations; (2) Dr. Gibbens's TPPA claim had a one-year statute of limitations period; (3) her TPPA claim accrued in February 2016 when she was constructively discharged; and therefore (4) she had until February 2017 to assert her claim. (Doc. 24-1 at 5.) In considering her Rule 15(c) relation back argument, the Arbitrator reviewed Rule 15(c), Boddy, Sessions, and other relevant cases, but determined that these authorities did not deal with the instant procedural issue involving an action originally brought in federal court that was subsequently stayed and ordered to proceed to arbitration. (Id. at 7.) After surveying this authority, the Arbitrator noted that the most "on-point" decision was Flying Tiger Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund, 659 F. Supp. 13, 18-19 (D. Del. 1986), which held that, in a situation where the federal complaint is filed first and the case is stayed pending arbitration, the statute of limitations for such a claim should re-commence on the issuance of the order from the district court staying the matter pending arbitration. (Id.) Applying Flying Tiger, the Arbitrator determined that, because Dr. Gibbens waited over a year to file her Demand after this Court's order staying the case, the statute of limitations barred her TPPA claim. (Id. at 7-8.)

Again, here, the Arbitrator's decision to not apply the Rule 15(c) relation back doctrine and subsequently dismiss Dr. Gibbens's TPPA claim as untimely was made only after a thorough

9

consultation with relevant precedent. Dr. Gibbens has not identified any binding authority that the Arbitrator manifestly disregarded, but, rather, reiterates the same arguments she made in the arbitration proceedings. (See Doc. No. 24 at 6-9.) Although Dr. Gibbens may disagree with the Arbitrator's decision, there is no reasonable argument that the he failed to consider relevant and established legal authority in deciding that the TPPA claim was untimely. Moreover, reliance on Flying Tiger Line was not unreasonable. Accordingly, Dr. Gibbens has not met her burden of establishing that the Arbitrator manifestly disregarded the law in dismissing her TPPA claim as untimely.

## C. Equitable Tolling

In her final argument, Dr. Gibbens asserts that the Arbitrator manifestly disregarded the law in not applying equitable tolling to her TPPA claim. (Doc. No. 24 at 9.) She notes that, after the Court stayed her case pending the arbitration proceedings, her former counsel was suspended from the practice of law. (Id.) She asserts that, because she was forced to hire new counsel, the Arbitrator should have equitably tolled her claims under Doherty v. Teamsters Pension Tr. Fund, 16 F.3d 1386, 1394 (3d Cir. 1994). (Id.)

The Arbitrator made a passing reference to Doherty when considering the timeliness of Dr. Gibbens's TPPA claim. (Id. at 6 n.2.) In a footnote, the Arbitrator commented that:

> In *Doherty,* the Third Circuit Court of Appeals allowed for equitable tolling of the statute of limitations where the plaintiffs incorrectly filed a timely action in federal court instead of an arbitration demand with American Arbitration Association as required by the MPPAA. The district court dismissed the action because the claim should have been filed with AAA, and although the federal complaint would have been timely, the arbitration demand was untimely. The Third Circuit reversed the district court's ruling and held that although the case was initially filed in the wrong forum, the claims were equitably tolled because the plaintiffs' attorney was in very poor health and was unable to work in his office until his death shortly after the filing; as such the attorney's "decision making ability was probably impaired." Id.

10

(Id.) Importantly, the Arbitrator specifically noted that "[i]n the instant case, [Dr. Gibbens] has raised no arguments with respect to equitable tolling." (Id.)

Here, Dr. Gibbens cannot argue that the Arbitrator manifestly disregarded the law by not equitably tolling her TPPA claim when she made <u>no</u> <u>argument</u> regarding equitable tolling at the arbitration proceeding. Nor could the Court ever so conclude. See <u>Samaan</u>, 835 F.3d at 604 (citation omitted) ("'Where, as here, the party moving to vacate the award provides . . . only self-serving and conclusory allegations unsupported by any record evidence, it is impossible for this Court to determine that the [arbitration] Panel was guilty of [manifestly disregarding the law].'")

## IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Vacate Arbitrator Award (Doc. No. 23) will be **DENIED**, and Defendant's Motion to Confirm Arbitrator's Award (Doc. No. 25) will be **GRANTED**.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE